# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **FRANCISCO CERVANTES, et al.,** | : | **CASE NO. C-2-00-1316** |
| Plaintiffs, | : | **JUDGE SARGUS** |
| v. | : | **MAGISTRATE JUDGE ABEL** |
| **SUGAR CREEK PACKING CO.,** | : | |
| Defendant. | : | |

### JOINT MOTION TO APPROVE CLASS SETTLEMENT, CONSENT DECREE AND NOTICE TO CLASS AND TO SET FAIRNESS HEARING

Pursuant to Fed. R. Civ. P. 23(e), the Settlement Class, through Class Counsel, and Defendant Sugar Creek Packing Co., jointly move the Court to preliminarily approve the Settlement Agreement (Exhibit A), the Consent Decree (Exhibit B), and the proposed Notices of Pendency of Class Action, Proposed Class Settlement and Fairness Hearing (To Be Mailed to Settlement Class Members (Exhibit C) and For Newspaper Publication (Exhibit D)).  Further the Parties move the Court to schedule a Fairness Hearing to consider final approval of the settlement and final adjudication of this case.

The Parties assert that the Settlement Agreement and Consent Decree, which were negotiated through the auspices of the Court, are fair, adequate and in the best interest of the Parties.

Respectfully submitted,

| | |
|---|---|
| s/Marc D. Mezibov | s/Earle Jay Maiman |
| Marc D. Mezibov (0019316) | Earle Jay Maiman (0014200) |
| Christian A. Jenkins (0070674) | THOMPSON HINE LLP |
| SIRKIN, PINALES, MEZIBOV & SCHWARTZ | Suite 1400 |
| 920 Fourth & Race Tower | 312 Walnut Street |
| Cincinnati, Ohio 45202-2776 | Cincinnati, Ohio 45202 |
| Telephone (513) 721-4876 | Telephone (513) 352-6700 |
| Fax (513) 721-0876 | Fax (513) 241-4771 |
| | |
| Trial Counsel for Plaintiffs' Class | Trial Attorney for Defendant Sugar Creek Packing Co. |

**OF COUNSEL:**

Jack F. Fuchs (0014197)
Stephen L. Richey, Esq. (0061570)
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202-4089
Telephone: (513) 352-6700
Facsimile: (513) 241-4771

Peter E. Tamborski, Esq. (0010496)
Sugar Creek Packing Co.
4585 Mulhauser Road
Hamilton, Ohio 45012
Telephone: (513) 874-4422
Facsimile: (513) 874-6670

## **MEMORANDUM**

**I.     Background**

On November 13, 2000, this action was commenced by Hispanic ex-employees of Sugar Creek Packing Co. ("Sugar Creek").  Plaintiffs sought to represent a class of present and former Sugar Creek employees of Hispanic origin at Sugar Creek's Washington Court House, Ohio facility.  The Complaint claimed that Sugar Creek discriminated against its non-supervisory Hispanic workers.  Sugar Creek answered, denying all Plaintiffs' allegations.

On August 31, 2001, Plaintiffs filed their First Amended Complaint and added a current employee as a named Plaintiff.  On September 24, 2002, the Court certified the following class under Federal Rule of Civil Procedure 23(b)(2):

> All Hispanics who are or were non-supervisory employees of Sugar Creek Packing Co. at its Washington Court House, Ohio facility from November 13, 1998 through January 1, 2003.

The parties have litigated this action vigorously for over two and one half years.  Plaintiffs, through counsel, reviewed over 100,000 documents from Sugar Creek's files.  Fifty depositions were taken.  Class Counsel consulted numerous experts in analyzing class claims.  Class Counsel has also considered defenses available to Sugar Creek and reviewed the law relating to the allegations in the action.  The Parties have carried on extensive motion practice, with seven substantive motions now pending before the Court, including numerous discovery motions and several motions for partial summary judgment.

In May 2003, the Parties entered into mediation under the auspices of United States District Judge Algenon Marbley.  On May 27, after four days of mediation, the Parties entered into a binding settlement in principle, which was then drafted into the formal Settlement Agreement that is now before the Court.

**II.     Argument**

The Parties believe that the terms of the Settlement Agreement are fair, adequate, and in the best interests of the Settlement Class.  The Parties reached this conclusion after thoroughly investigating and considering, among other things, the strengths and weaknesses of the Settlement Class members' claims, the uncertainties inherent in this complex litigation, and the substantial benefits provided by the Settlement Agreement.  While vigorously denying any liability in this action, Sugar Creek considers it desirable and in its best interest that this action be dismissed on the terms set forth in the Settlement Agreement, so as to avoid further expense, inconvenience, distraction, and protracted litigation.

**III.    Scheduling of Fairness Hearing**

If the Court conditionally approves the Settlement Agreement and Consent Decree, the Court must then set a schedule for notice to the class and the Fairness Hearing.  The Parties suggest that the Court set the fairness hearing for approximately ten weeks after its conditional approval of the Settlement Agreement and Consent Decree, allowing adequate time for publication of the notice for two consecutive weeks and for potential objectors to file papers one month in advance of the Fairness Hearing.

**IV.    Proposed Notice to the Class**

The Parties propose the following notices to the class:

**A.    Notice of Proposed Settlement and Fairness Hearing**

The detailed Notice of Pendency of Class Action, Proposed Class Settlement and Fairness Hearing (Appendix C), in Spanish and English, will be mailed directly to all individuals for whom the Claims Administrator, after review of Sugar Creek's records, finds a reasonably reliable address.

4

An abbreviated Notice of Proposed Class Action Settlement and Fairness Hearing (Appendix D) will be published twice, in Spanish, at one-week intervals in the following newspapers:

- El Nuevo Herald (Spanish version of Miami Herald)
- Diario Las Americas
- La Voz Hispania (Columbus, Ohio)
- Vida En El Valle (Spanish newspaper for California Central Valley including Tulare, Kings and Madera Counties)

The notice will also be published twice, in both English and Spanish, at one-week intervals in the following newspapers:

- McAllen (Texas) Monitor
- The Record-Herald (Washington Courthouse, Ohio)

**B.     Notice of Class Settlement and Claims Procedure**

After the Fairness Hearing, assuming that the Court approves the settlement, a second notice in Spanish and English, similar to Appendix C, but without notice of the Fairness Hearing, would be sent to the same mailing list as the first notice was sent, as well as to any other individuals who identify themselves or seek additional information in response to the previous notices or as a result of the second newspaper notices.

Also after the Fairness Hearing, assuming that the Court approves the settlement, an abbreviated second notice, in Spanish, similar to Appendix D, announcing the settlement and providing information for obtaining claims information, will be published twice, at one-week intervals in the same newspapers as the first notice.

**V.      Proposed Procedure for Making Claims**

A Claim Form is attached to the Notice of Pendency of Class Action, Proposed Class Settlement and Fairness Hearing (Appendix C).  Class Members are instructed in the Notice to mail the Claim Form to the Claims Administrator along with appropriate identifying material as described in the notice.  Claims may be sent any time, even before the Fairness Hearing.

The Claims Administrator will review all Claim Forms submitted and determine whether the individuals are on the approved list of Class Members and have provided the appropriate identification.  Checks will be sent to bona fide Class Members, under the supervision of the Claims Administrator.

The Parties request that the claims application period extend for 90 days after the Court's final approval of the settlement.  After the claims period closes, when all outstanding claims have been paid, the remainder of the guaranteed claims fund will be distributed as required by the Consent Decree.

**VI.     Conclusion**

For the foregoing reasons, the Court should preliminarily approve the Settlement Agreement (Exhibit A), the Consent Decree (Exhibit B), and the proposed Notices of Pendency of Class Action, Proposed Class Settlement and Fairness Hearing (Exhibits C & D).  Further, the Parties move the Court to schedule a Fairness Hearing to consider final approval of the settlement and final adjudication of this case.

Respectfully submitted,

| | |
|---|---|
| s/Marc D. Mezibov | s/Earle Jay Maiman |
| Marc D. Mezibov (0019316) | Earle Jay Maiman (0014200) |
| Christian A. Jenkins (0070674) | THOMPSON HINE LLP |
| SIRKIN, PINALES, MEZIBOV & SCHWARTZ | Suite 1400 |
| 920 Fourth & Race Tower | 312 Walnut Street |
| Cincinnati, Ohio 45202-2776 | Cincinnati, Ohio 45202 |
| Telephone (513) 721-4876 | Telephone (513) 352-6700 |
| Fax (513) 721-0876 | Fax (513) 241-4771 |
| Trial Counsel for Plaintiffs' Class | Trial Attorney for Defendant Sugar Creek Packing Co. |

**OF COUNSEL:**

Jack F. Fuchs (0014197)
Stephen L. Richey, Esq. (0061570)
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202-4089
Telephone: (513) 352-6700
Facsimile: (513) 241-4771

Peter E. Tamborski, Esq. (0010496)
Sugar Creek Packing Co.
4585 Mulhauser Road
Hamilton, Ohio 45012
Telephone: (513) 874-4422
Facsimile: (513) 874-6670

449332 v1