# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **FRANCISCO CERVANTES, et al.,** | : | **CASE NO. C-2-00-1316** |
| Plaintiffs, | : | **JUDGE SARGUS** |
| v. | : | **MAGISTRATE JUDGE ABEL** |
| **SUGAR CREEK PACKING CO.,** | : | |
| Defendant. | : | |

**CLASS ACTION SETTLEMENT AGREEMENT**

This Class Action Settlement Agreement ("Agreement") sets forth the compromise and final settlement by and among the Settlement Class, as defined below, and Defendant Sugar Creek Packing Co. ("Sugar Creek"). This settlement is expressly conditioned on the Court approving the entire agreement as fair, adequate, and reasonable.

The "Effective Date" of this Agreement shall be the day on which the Final Order and Judgment approving this settlement becomes final. For purposes of the Agreement, the Final Order and Judgment approving the settlement shall be deemed to become final on the latter of (i) the thirty-first day after it is entered if no notice of appeal is filed or (ii) if a notice of appeal is filed, on the day following the date on which the Final Order and Judgment approving the settlement is not subject to further judicial review or appeal, either by reason of affirmance by a court of last resort or by reason of lapse of time or otherwise, provided that the Final Order and Judgment approving the settlement are not reversed or modified by any court, in which case this Agreement shall be null and void, at the option of either Party.

WHEREAS, on November 13, 2000, certain of the Plaintiffs initiated a lawsuit, captioned *"Francisco Cervantes, et al. v. Sugar Creek Packing Co."* which has been pending in the United States District Court for the Southern District of Ohio, Eastern Division (the "Court"), as Case No. C-2-00-1316 (the "Lawsuit");

WHEREAS, on August 31, 2001, the Plaintiffs filed a First Amended Class Action Complaint (the "Complaint");

WHEREAS, on September 25, 2002, the Court certified the following class (the "Settlement Class") pursuant to Federal Rule of Civil Procedure 23(b)(2):

> All Hispanics who are or were non-supervisory employees of Sugar Creek Packing Co. at its Washington Court House, Ohio facility from November 13, 1998 through January 1, 2003.

WHEREAS, the Court has certified Class Counsel to fairly and adequately protect the interest of the class; and

WHEREAS, the Parties now seek to settle the Lawsuit and all claims raised in the Amended Complaint in the Lawsuit, subject to the approval of the Court pursuant to Federal Rule of Civil Procedure 23(e).

NOW, THEREFORE, in consideration of the covenants, terms and conditions set forth herein, including the terms of the Consent Decree, the Parties hereby agree as follows:

1. **Consent Decree**.  The Parties will jointly submit to the Court for its approval the proposed "Consent Decree," which is appended hereto and incorporated herein.  The Parties will jointly recommend the Court's approval of the Consent Decree and will cooperate to assure its approval.  When finally approved, the Parties will abide by the terms of the Consent Decree.

2. **Payment of Settlement Funds**.  The "Effective Date" of the Settlement Agreement and Consent Decree shall be the day on which the Final Order and Judgment approving the Settlement and Consent Decree becomes final.  For purposes of the Settlement Agreement, the Final Order and Judgment approving the Settlement shall be deemed to become final on the latter of (i) the thirty-first day after it is entered if no notice of appeal is filed or (ii) if a notice of appeal is filed, on the day following the date on which the Final Order and Judgment approving the Settlement is not subject to further judicial review or appeal, either by reason of affirmance by a court of last resort or by reason of lapse of time or otherwise, provided that the Final Order and Judgment approving the Settlement are not reversed or modified by any court, in which case the Settlement Agreement and Consent Decree shall be null and void, at the option of either Party.

On or before thirty days after the Effective Date, Sugar Creek will pay to Plaintiffs' Counsel $450,000.00 to be distributed as follows: (a) $15,000.00 to each of the ten Class Representatives, and (b) $300,000.00 to Plaintiffs' Counsel.

On or before thirty days after the Effective Date, Sugar Creek will pay $25,000 into an account, maintained specifically for payments to Absent Class Members.  Thereafter, Sugar Creek will make supplemental payments to this account, as directed by the Claims Administrator, in order to allow for prompt payment of claims.  The period for absent class members to submit claims will end 90 days after the Effective Date.  The Claims Administrator will complete payments to absent class members and resolve any disputed claims, within five months of the Effective Date.  Within one month thereafter, the Claims Administrator will provide Plaintiffs' counsel with an accounting of the claims paid, and Sugar Creek will pay the remainder of the $120,000 fixed fund as provided in Section II(d) of the Consent Decree.

      3.    **Designation of Claims Administrator and Compliance Officer.**  Professor Rafael Gely, Associate Professor of Law at the University of Cincinnati, will serve as Claims Administrator and Compliance Officer.  The Parties believe that Professor Gely's background in employment law, combined with his bilingual skills make him an ideal candidate for these positions.

      4.    **Release of Claims**.  In exchange for the benefits conferred by the Settlement, the Settlement Class (for themselves, their respective heirs, predecessors, successors, assigns, executors, representatives, and agents) forever release and discharge Sugar Creek, including but not limited to its present, former, and future owners, heirs, affiliates, related persons, associations, corporations, entities, parents, subsidiaries, predecessors, partners, principals, officers, directors, shareholders, agents, employees, attorneys, insurers, successors and assigns, from any and all claims, rights, demands, actions or causes of action, obligations, damages, including punitive and exemplary damages, physical or mental injuries, liabilities, expenses, fees and costs, including attorneys' fees and costs (other than as described in the Consent Decree), whether known or unknown, suspected or unsuspected, asserted or unasserted, accrued or which may thereafter accrue,  regardless of legal theory and the type of relief or damages sought, which are set forth in any of the pleadings or filings in the Lawsuit, arising out of or related to any act occurring on or before January 1, 2003, including but not limited to fraud, breach of contract, promissory estoppel, intentional discrimination on account of race and/or national origin under Title VII, 42 U.S.C. 2000e, *et seq*., 28 U.S.C. 1981, Ohio Revised Code § 4112.02 *et seq.*, disparate impact under Title VII, misrepresentation and fraudulent inducement with respect to terms and conditions of employment, misrepresentations regarding benefits, misrepresentations regarding housing, failure to provide benefit information, denial of benefits, wage and hour violations, requiring excessive overtime, improper payroll deductions, including but not limited to deductions for equipment, keys, bus fare and travel money, claims based on the right to equal pay, coercion and duress with respect to housing provided by Sugar Creek, unreasonable rents, below standard conditions in apartments, requiring Hispanics to vacate apartments, improper surveillance or invasion of privacy, improper entry into apartments, improper searches, violations of Ohio Landlord Tenant law, discrimination in job assignments, promotions and access to higher paying jobs, denial of seniority rights, intentional tort, workplace intentional tort, failure to maintain a safe workplace, requiring Hispanics to work at an unsafe pace, assigning Hispanics to jobs with the hardest, most dangerous and most stressful conditions, requiring Hispanics to work unreasonably long hours, harassment or hostile work environment based on race or national origin, using derogatory names, disparity in restroom facilities, prohibitions against speaking Spanish, failure to provide translations of employment documents, disparate application of the disciplinary system, requiring Hispanics to buy equipment not required of non-Hispanics, workers' compensation retaliation, denying access to workers' compensation benefits, denying access to medical treatment for work related injuries, denying time off to recover from work related injuries, denying light duty assignments for work related injuries, and terminating Hispanics who received work related injuries.

    Expressly excluded from the above waived claims and causes of action are Class Members' workers' compensation claims, appeals thereof, and pending appeals.  Employee intentional torts and workers' compensation retaliation claims, however, are not excluded from this Settlement and are expressly waived.

5. **Tax Consequences.**  Members of the Settlement Class shall bear any and all tax consequences, if any, of payments made pursuant to this Agreement.

6. **Parties to Bear Own Costs and Attorney Fees.**  Other than as is described in the Consent Decree, each of the Parties shall bear its, his or her own attorney fees, court costs, and litigation expenses.

7. **No Admission of Liability.**   The Parties recognize and agree that any payments made or undertakings assumed pursuant to this Settlement Agreement and Consent Decree are not an admission of any liability or responsibility for, or of the correctness of, any of the claims which were or may have been asserted in the Lawsuit.  The Parties further recognize and agree that Sugar Creek expressly denies any liability for, any responsibility for, and the correctness of all claims asserted in the Lawsuit.  This Settlement Agreement and each of the Parties' compliance with this Settlement Agreement and Consent Decree shall not be construed as an admission of any liability by any of the Parties to the other.

8. **No Third-Party Beneficiaries.**  There are no third-party beneficiaries of the settlement or this Settlement Agreement.

9. **Dismissal of the Lawsuit.**  Each of the Parties stipulates to the dismissal with prejudice by their respective counsel of the Lawsuit and all claims set forth in any of the pleadings filed therein.  The Parties acknowledge that the Court will retain jurisdiction to enforce the Consent Decree during its pendency of five years after the Effective Date.

10. **Approval by Court.**  The Parties acknowledge that this settlement is conditioned both on its approval by the United States District Court for the Southern District of Ohio, Eastern Division and the issuance and entry of the Consent Decree, and if appealed, being affirmed without alteration, with all further appellate rights having been exhausted.

11. **Entire Agreement.**  This Settlement Agreement, including the Consent Decree, contains the entire understanding of the Parties with respect to the subject matter hereof.  There are no restrictions, promises, warranties, covenants or undertakings other than those expressly set forth herein or in such referenced documents.  This Settlement Agreement supersedes all prior negotiations, undertakings, discussions and agreements between the parties, whether oral or written, with respect to the subject matter.

The Parties, through counsel, have caused this Settlement Agreement to be executed as set forth below.

DATE_____          SUGAR CREEK PACKING CO.

                                                             s/Peter E. Tamborski_____
                                                             Its:    General Counsel

DATE____9/4/03_____          SETTLEMENT CLASS

                                                             s/Marc D. Mezibov_____
                                                             Marc D. Mezibov
                                                             SIRKIN, PINALES, MEZIBOV &
                                                                      SCHWARTZ
                                                            Trial Counsel for Settlement Class