# EXHIBIT C

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **FRANCISCO CERVANTES, et al.,** | : | **CASE NO. C-2-00-1316** |
| Plaintiffs, | : | **JUDGE SARGUS** |
| v. | : | **MAGISTRATE JUDGE ABEL** |
| **SUGAR CREEK PACKING CO.,** | : | |
| Defendant. | : | |

**NOTICE OF PENDENCY OF CLASS ACTION,
PROPOSED CLASS SETTLEMENT AND FAIRNESS HEARING
<u>(TO BE MAILED TO SETTLEMENT CLASS MEMBERS</u>)**

TO:  ALL HISPANIC PERSONS WHO WERE NON-SUPERVISORY EMPLOYEES OF SUGAR CREEK PACKING CO. AT ITS WASHINGTON COURT HOUSE, OHIO FACILITY ANY TIME FROM NOVEMBER 13, 1998 THROUGH JANUARY 1, 2003  (THE "SETTLEMENT CLASS.")

***PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LAWSUIT.***

This notice describes the proposed settlement (the "Settlement") of a class action lawsuit (the "Action") brought by the Class Representatives against Sugar Creek Packing Co. ("Sugar Creek") on behalf of all members of the Settlement Class.  In the Action, the Class Representatives, through Class Counsel, claim that Sugar Creek discriminated against non-supervisory Hispanic employees at its Washington Court House facility between November 13, 1998 and January 1, 2003.

Sugar Creek denies any wrongdoing and will vigorously defend against the Action if the Settlement is not approved.  Sugar Creek has agreed to settle the Action to avoid the costs, risks, and uncertainty inherent in any litigation.

A hearing will be held before the Honorable Edmund A. Sargus, Jr. (the "Fairness Hearing") to determine whether (1) the terms and conditions of the proposed Settlement are fair, reasonable and adequate and should be approved; and (2) whether final judgment should be entered by this Court.

The Fairness hearing will be held on _____, 2003 in Courtroom Number 2 of the Joseph P. Kinneary United States Courthouse, 85 Marconi Blvd., Columbus, Ohio 43215. Class Counsel will represent the Settlement Class at the Fairness Hearing. **You are permitted but not required to attend the Fairness Hearing.** Attendance at the Fairness Hearing is not necessary for members of the Settlement Class to receive the benefits of the Settlement.

### I.     Background

On November 13, 2000, a lawsuit was commenced by Hispanic ex-employees of Sugar Creek (the "Class Representatives"). Plaintiffs sought to represent a class of former and present Sugar Creek employees of Hispanic origin at the Washington Court House facility. The Complaint claimed that Sugar Creek discriminated against its non-supervisory Hispanic workers. Sugar Creek answered, denying all Plaintiffs' allegations. On September 24, 2002, the Court certified the class under Federal Rule of Civil Procedure 23(b)(2). This certification allowed the Class Representatives to represent the rights of all the members of the Settlement Class, which is defined as follows:

> All Hispanics who are or were non-supervisory employees of Sugar Creek Packing Co. at its Washington Court House, Ohio facility from November 13, 1998 through January 1, 2003.

The Parties litigated the Action vigorously for over two and one half years. Plaintiffs, through their attorneys, reviewed over 100,000 documents from Sugar Creek's files. Over 50 depositions were taken. Class Counsel consulted numerous experts in analyzing class claims. Class Counsel has also considered defenses available to Sugar Creek and reviewed the law relating to the allegations in the Action. In May 2003, the Parties entered into mediation under the auspices of United States District Judge Algenon Marbley. On May 27, after four full days of mediation, the Parties entered into a binding settlement in principle, which was then drafted into a formal Settlement Agreement.

The Parties to this Settlement believe that the terms of the Settlement Agreement are fair, adequate, and in the best interests of the Settlement Class. The parties reached this conclusion after thoroughly investigating and considering, among other things, the strengths and weaknesses of the Settlement Class members' claims, the uncertainties inherent in this complex litigation, and the substantial benefits provided by the Settlement Agreement. While vigorously denying any liability in this Action, Sugar Creek considers it desirable and in its best interest that this Action be dismissed on the terms set forth in the Settlement Agreement, so as to avoid further expense, inconvenience, distraction, and protracted litigation.

This Class Notice does not indicate any expression or opinion by the Court concerning the merits of the respective claims or defenses asserted in the Action. The purpose of this Notice is to inform members of the Settlement Class of their rights and obligations under the Settlement Agreement and to summarize its key provisions.

## II. Summary of Settlement

The Court will enforce the foregoing obligations under a Consent Decree, which will be in effect for five years. The Consent Decree shall be posted at Sugar Creek in both Spanish and English for its duration.

### A. Monetary Relief

1. Sugar Creek shall pay $100 to each Settlement Class member who makes a claim.

2. Sugar Creek shall pay $15,000 to each Class Representative.

3. Sugar Creek shall pay $300,000 to Class Counsel.

4. A fixed fund of $120,000 shall be established for payment of the class members. If more than 1,200 class members submit claims, then Sugar Creek remains obligated to pay $100 to each class member, irrespective of the $120,000 fixed fund limit. If there are fewer than 1,200 class members who submit claims, then the difference between the total payment to the class members and $120,000 shall be split among the Class Representatives. However, the maximum amount that each Class Representative may receive is $20,000. Thus, if all class members who submit claims are paid $100, and each Class Representative is paid $20,000, and if there is still money remaining in the $120,000 fixed fund, then that remaining money shall be paid to Class Counsel.

5. Settlement Class members will have no personal liability for any attorneys' fees or costs associated with the Action.

6. In addition, Sugar Creek agrees to pay the following costs associated with the administration of the claims of the class members: mailing of notice of the Fairness Hearing, mailing of Notice of Settlement and Claims Application, publication costs, mailing of settlement checks, and costs incurred by the Claims Administrator. Further, Sugar Creek shall select and employ the services of a third party administrator to manage claims administration, including review of eligibility of individuals making claims.

B.   **Injunctive Relief**

1. Sugar Creek will post notices in both Spanish and English regarding its employees' rights under state and federal discrimination law, the Occupational Safety and Health Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Polygraph Protection Act, workers' compensation law and unemployment law.

2. All recruiting materials will contain an affirmative statement that Sugar Creek is an equal opportunity employer and that it will not discriminate on the basis of race or national origin.

3. Sugar Creek will end its practice of recouping bus fare and travel costs from recruits that do not work 90 days.

4. Sugar Creek will require recruits to sign a fact sheet containing accurate wage and benefits information before traveling to Washington Court House, Ohio.

5. Sugar Creek will end its policy of requiring recruits to buy two smocks and locals only one.  All new employees will be required to buy one smock and offered an opportunity to buy a second smock if they so desire.

6. Leases for Sugar Creek-owned apartments will be written in both Spanish and English.  The leases shall:

    (a) Affirmatively state that no Sugar Creek employee is required to live in Sugar Creek's apartments;

    (b) Affirmatively state that tenants who must vacate the premises will be afforded at least ten days notice to do so, subject only to any change in Ohio eviction law; and

    (c) Sugar Creek will remove from its lease statements any reference to bus fare or food deductions;

    (d) Sugar Creek will comply with and abide by Ohio law with regard to landlord tenant relationships and eviction proceedings.

7. Once a year for the next five years, Sugar Creek will require its managers and supervisors to participate in EEO/cultural diversity/cross cultural sensitivity training.  The training will include units on the relationship between language, culture and ethnicity.

8. English classes will be made available to Sugar Creek employees in 1.5-hour sessions two days a week.

4

9. Sugar Creek shall post, in both Spanish and English, the following positions when current employees are to be considered for those positions: line supervisor, truck driver and trucking supervisor, maintenance personnel and first line maintenance supervisor. In addition, once a year Sugar Creek shall provide a list to the United Food and Commercial Workers and the Compliance Officer of the names of persons who were made gang leader in the preceding year.

10. The posted Consent Decree shall affirmatively instruct employees to contact the Compliance Officer if they believe there has been a violation of the Consent Decree.

11. Sugar Creek will employ a Compliance Officer to monitor Sugar Creek's compliance with the Consent Decree. The Compliance officer shall be selected by agreement of the parties. If the parties cannot reach an agreement, they agree that the Court shall select the Compliance Officer based on the recommendations of the parties.

    All compliance issues must be directed to the Compliance Officer in the first instance. If the Compliance Officer is informed of a possible breach of the Consent Decree, the Compliance Officer shall inform Sugar Creek of the alleged violation. Sugar Creek shall then have thirty (30) days to cure the breach. If the breach is not cured to the Compliance Officer's satisfaction within the thirty (30) day period, the Compliance Officer shall seek an informal conference with the Court to resolve the issue. If the issue is not resolved informally, then the Compliance Officer shall have the right to petition the Court for relief.

## III. **Effective Date**

The "Effective Date" of the Settlement Agreement and Consent Decree shall be the day on which the Final Order and Judgment approving this Settlement becomes final. For purposes of the Settlement Agreement, the Final Order and Judgment approving the Settlement shall be deemed to become final on the latter of (i) the thirty-first day after it is entered if no notice of appeal is filed or (ii) if a notice of appeal is filed, on the day following the date on which the Final Order and Judgment approving the Settlement is not subject to further judicial review or appeal, either by reason of affirmance by a court of last resort or by reason of lapse of time or otherwise, provided that the Final Order and Judgment approving the Settlement are not reversed or modified by any court, in which case the Settlement Agreement and Consent Decree shall be null and void, at the option of either Party.

## IV. **Releases**

If the Court approves the Settlement and the Court's approval becomes final, this Action will be dismissed, subject to the Court's authority to enforce the Consent Decree. In exchange for the benefits conferred by the Settlement, the Settlement Class (for themselves, their

5

respective heirs, successors, predecessors, assigns, executors, representatives, and agents) forever release and discharge Sugar Creek, including but not limited to its present, former, and future owners, heirs, affiliates, related persons, associations, corporations, entities, parents, subsidiaries, predecessors, partners, principals, officers, directors, shareholders, agents, employees, attorneys, insurers, successors and assigns, from any and all claims, rights, demands, actions or causes of action, obligations, damages, including punitive and exemplary damages, physical or mental injuries, liabilities, expenses, fees and costs, including attorneys' fees and costs (other than as described in the Consent Decree), whether known or unknown, suspected or unsuspected, asserted or unasserted, accrued or which may thereafter accrue, regardless of legal theory and the type of relief or damages sought, which are set forth in any of the pleadings or filings in the Lawsuit, arising out of or related to any act occurring on or before January 1, 2003, including but not limited to fraud, breach of contract, promissory estoppel, intentional discrimination on account of race and/or national origin under Title VII, 42 U.S.C. 2000e, *et seq.*, 28 U.S.C. 1981, Ohio Revised Code § 4112.02 *et seq.*, disparate impact under Title VII, misrepresentation and fraudulent inducement with respect to terms and conditions of employment, misrepresentations regarding benefits, misrepresentations regarding housing, failure to provide benefit information, denial of benefits, wage and hour violations, requiring excessive overtime, improper payroll deductions, including but not limited to deductions for equipment, keys, bus fare and travel money, claims based on the right to equal pay, coercion and duress with respect to housing provided by Sugar Creek, unreasonable rents, below standard conditions in apartments, requiring Hispanics to vacate apartments, improper surveillance or invasion of privacy, improper entry into apartments, improper searches, violations of Ohio Landlord Tenant law, discrimination in job assignments, promotions and access to higher paying jobs, denial of seniority rights, intentional tort, workplace intentional tort, failure to maintain a safe workplace, requiring Hispanics to work at an unsafe pace, assigning Hispanics to jobs with the hardest, most dangerous and most stressful conditions, requiring Hispanics to work unreasonably long hours, harassment or hostile work environment based on race or national origin, using derogatory names, disparity in restroom facilities, prohibitions against speaking Spanish, failure to provide translations of employment documents, disparate application of the disciplinary system, requiring Hispanics to buy equipment nor required of non-Hispanics, workers' compensation retaliation, denying access to workers' compensation benefits, denying access to medical treatment for work related injuries, denying time off to recover from work related injuries, denying light duty assignments for work related injuries, and terminating Hispanics who received work related injuries.

Expressly excluded from the above waived claims and causes of action are Class Members' workers' compensation claims, appeals thereof, and pending appeals. Employee intentional torts and workers' compensation retaliation claims are not excluded from this Settlement and are expressly waived.

### V.     Your Right to Object to the Settlement

Settlement Class Members may object to the Settlement by filing a written objection with the Clerk of the United States District Court for the Southern District of Ohio, Eastern Division, Room Number 260, Joseph P. Kenneary United States Court House, 85 Marconi Blvd., Columbus, Ohio 43215. Objections must be filed with the Court no later than **[one month**

6

**before the fairness hearing]**, 2003.  A copy of any objection must also be postmarked and mailed to Class Counsel, Sirkin Pinales Mezibov and Schwartz LLP, 920 Fourth & Race Tower, 105 West Fourth Street, Cincinnati, Ohio 45202-2776 and to Sugar Creek's counsel:  Earle Jay Maiman, Thompson Hine LLP, 312 Walnut Street, 14th Floor, Cincinnati, Ohio 45202-4089.  Only Settlement Class members may object to the Settlement.  Objection may also be made through the appearance of counsel, at the objector's expense.

All objections must include:

1. A statement of each objection asserted;

2. A description of the facts underlying each objection;

3. A description of the legal authorities supporting each objection, if appropriate;

4. A statement of whether the objector intends to appear and argue at the Fairness Hearing; and, if so,

5. A list of the exhibits, which the objector may offer during the Fairness Hearing, along with copies of the exhibits.

**Any Settlement Class member who does not make and serve his or her objection in the manner prescribed above will be deemed to have waived any objections.**

**VI.     What You Must Do to Obtain Settlement Payment**

**If the Settlement is finally approved, each Settlement Class member is entitled a one-time payment of $100.00.  In order to obtain the payment you must submit a claim on the Claim Form attached at the end of this Notice.  You must provide your name, current mailing address, date of birth, social security number, dates worked at Sugar Creek's Washington Court House facility and a photocopy of a document authenticating your identity, such as a driver's license, social security card, registered alien card, birth certificate or passport.  You may submit the Claim Form at any time after receiving this Notice.  However, the completed Claim Form and identification must be mailed to: CLAIMS ADMINISTRATOR, Post Office Box \*\*\*\*\*\*\*, Washington Court House, Ohio \*\*\*\*\*\*, on or before 90 days after the Effective Date (as defined above in Section III).  Additional Claim Forms may be obtained from the Claims Administrator at the address above.**

If the Claims Administrator approves your claim, a check will be mailed to the address on the Claim Form within one month of (1) the approval of your application or (2) the Effective Date, whichever is later.  If your mailing address changes between the submission of your claim and the receipt of the check, please resubmit a new Claim Form, with the appropriate identifying document to the Claims Administrator immediately.

**VII.    Obtaining Additional Information**

Any questions you have about the matters in this Class Notice should be directed in writing to CLAIMS ADMINISTRATOR, Post Office Box \*\*\*\*\*\*\*, Washington Court House, Ohio \*\*\*\*\*\*. **Questions may not be directed to the Court.** You may, of course, seek the advice and guidance of your own attorney, if you desire. The pleadings and other records in this litigation, including the Settlement Agreement, may be examined and copied at any time during regular office hours at the office of the Clerk of the United States District Court for the Southern District of Ohio, Eastern Division, Room Number 260, Joseph P**.** Kenneary United States Court House, 85 Marconi Blvd., Columbus, Ohio 43215.

**VIII.   Summary of Time Limits**

If you wish to object to the proposed Settlement, you must file your written objection with the Clerk of the United States District Court no later than **[one month before the fairness hearing]**, 2003. You must also send a copy, postmarked on or before that same date, to Class Counsel and Sugar Creek's Counsel at the mailing address identified in Section V, above. You must include any request to be heard orally at the hearing.

The Court will conduct a Fairness Hearing to determine whether to approve the proposed Settlement on _____, 2003. You may attend the Fairness Hearing, but attendance is not necessary to obtain the benefits of the Settlement.

If you wish to make application for payment of the $100.00 payment, you must be a person of Hispanic origin who worked for Sugar Creek at its Washington Court House facility in a non-supervisory position between November 13, 1998 and January 1, 2003. You may submit the Claim Form (as described above in Section VI) any time after receiving this notice, but it must be postmarked on or before 90 days after the Effective Date (as defined above in Section III).

SO ORDERED:

Date: _____          _____
                                                                        Edmund A. Sargus, Jr.
                                                                        United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **FRANCISCO CERVANTES, et al.,** | : | **CASE NO. C-2-00-1316** |
| **Plaintiffs,** | : | |
| | : | **CLAIM FORM** |
| v. | : | |
| **SUGAR CREEK PACKING CO.,** | : | |
| **Defendant.** | : | |

    I am a Hispanic person who was an employee of Sugar Creek Packing Co. at its Washington Court House, Ohio facility between November 13, 1998 and January 1, 2003. I did not hold a supervisory position during that time period. I now wish to apply for the $100 provided by the settlement of this case.

_____
Signature of Class Member

PLEASE PRINT THE FOLLOWING INFORMATION:

_____     _____
Name                                                     Social Security Number

_____     _____
Street Address                                          Date of Birth

_____     _____
City, State and Zip Code                         Telephone Number (optional)

    I worked at Sugar Creek Packing Co.'s Washington Court House facility from _____ to _____. (If you are uncertain of the dates please provide your best recollection.)

    In order to receive the $100 settlement payment this Claim Form must be filled out completely and mailed along with a photocopy of your Social Security card, driver's license, registered alien card, birth certificate, passport or other identifying document to:

                       Claims Administrator
                       Cervantes Class Action Settlement
                       P.O. Box \*\*\*\*
                       Washington Court House, Ohio  \*\*\*\*\*